E-FILED
Friday, 31 March, 2006  09:15:04 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANKLIN C. McCOY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  05-3192 |
| | ) | |
| GREGORY LAMBERT, Warden, | ) | |
| Big Muddy River Correctional | ) | |
| Center[1], | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Respondent Gregory Lambert's Motion to Dismiss (d/e 11) Petitioner Franklin McCoy's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (d/e 4) (Petition). Respondent moves to dismiss the Petition because it is untimely and because it contains unexhausted and defaulted claims. McCoy is currently being held in the custody of the Director of the Big Muddy River

---

[1]Petitioner named Dr. Mark S. Carich as respondent in his petition. According to Rule 2(a) of the Rules Governing § 2254 cases, a § 2254 habeas petition is a civil suit against the warden in his official capacity. Gregory Lambert is the proper respondent in this case because he is now the state officer having custody of petitioner in the Big Muddy River Correctional Center. Therefore, the Court dismisses Dr. Carich as a party Defendant and substitutes Lambert as a party Defendant in this case.

1

Correctional Center for an indeterminate term pursuant to Illinois' Sexually

Dangerous Person Act (Act), which authorizes the civil commitment of

"sexually dangerous persons," who suffer from a mental disorder that makes

them likely to engage in deviate sexual conduct.   725 ILCS § 205/1.01.

McCoy is seeking habeas relief from this commitment based on the

following grounds: (1) the 1988 civil commitment was unlawful because Dr.

Mark S. Carich falsely testified in state and federal courts, violating

McCoy's constitutional rights; (2) the Illinois Department of Corrections

(DOC) violated his constitutional rights by opening his "special" mail; and

(3) Adams County does not have any of his records on file.[2]   After careful

review of the submissions of the parties, this Court allows Respondent's

Motion to Dismiss and dismisses McCoy's Petition for the reasons set forth

below.

---

[2]The Court notes that McCoy's second reason for attacking the 1988 civil commitment is not appropriate for habeas corpus relief.  By text order dated November 28, 2005, this Court explained that an action under 42 U.S. C. § 1983 is the federal route for challenging unconstitutional treatment in prison.  McCoy's habeas corpus action, therefore, cannot be used to challenge prison conditions like those alleged in the second ground by Petitioner.  Furthermore, McCoy's third basis for challenging his 1988 commitment does not state a ground for any relief, and thus, lacks merit.  McCoy's allegation that Adams County does not have any of his records on file is contrary to the record provided by Respondent which indicates that Adams County "has over four volumes of documents and transcripts related to petitioner's commitment and subsequent recovery applications."  Respondent's Motion to Dismiss, p. 16; see also Respondent's Motion to Dismiss, Exhibit A, Record Sheet, p. 4.

<u>BACKGROUND</u>

On May 14, 1987, the State of Illinois filed an information alleging that McCoy committed Aggravated Criminal Sexual Assault and Aggravated Criminal Sexual Abuse in that he sexually assaulted and abused two children under thirteen years of age.  Thereafter, on September 8, 1987, the State filed a petition to declare McCoy a sexually dangerous person pursuant to the Act, and the petition incorporated the sexual assault and abuse charges and other offenses.  On January 8, 1988, McCoy admitted the allegations in the petition, and thus, the Circuit Court of the Eighth Judicial Circuit, Adams County, Illinois, based on McCoy's admission and two psychiatric reports, found McCoy to be a sexually dangerous person within the meaning of the Act.[3]  Pursuant to the Act, the Eighth Judicial Circuit ordered McCoy to be placed under the guardianship of the Illinois Director of DOC and to

---

[3]The Act defines sexually dangerous persons as "All persons suffering from a mental disorder, which mental disorder has existed for a period of not less than one year, immediately prior to the filing of the petition hereinafter provided for, coupled with criminal propensities to the commission of sex offenses, and who have demonstrated propensities toward acts of sexual assault or acts of sexual molestation of children, are hereby declared sexually dangerous persons."  725 ILCS § 205/1.01.  The Act further states that the State may petition the court to commit a person who has been charged with a criminal offense.  725 ILCS § 205/3.  "After the filing of the petition, the court shall appoint two qualified psychiatrists to make a personal examination of such alleged sexually dangerous person, to ascertain whether such person is sexually dangerous, and the psychiatrists shall file with the court a report in writing of the result of their examination, a copy of which shall be delivered to the respondent."  725 ILCS § 205/4.

be placed in an appropriate facility of the DOC until further order of the Court.

The Act states that a person detained under the Act may independently petition the court for a release by filing an application for recovery any time after being committed. 725 ILCS § 205/9. Upon the filing of the recovery application, the person is entitled to a hearing to determine whether he or she remains a sexually dangerous person. Accordingly, following his commitment, McCoy filed an application for recovery with the state trial court. On August 26, 1988, the state trial court held a hearing to determine whether McCoy remained a sexually dangerous person. On September 1, 1988, the trial court denied McCoy's recovery application.

McCoy subsequently filed numerous recovery applications on the following dates: March 30, 1989; January 30, 1990; April 18, 1990; and March 4, 1991. The state trial court denied all of those applications. McCoy specifically appealed the trial court's March 31, 1991, judgment, denying his recovery application. He appealed this judgment to the Illinois Appellate Court, arguing that there was insufficient evidence showing that he remained a sexually dangerous person under the Act. On January 17,

4

1992, the Illinois Appellate Court affirmed the trial court's judgment. McCoy did not further appeal this decision. Some time later, McCoy filed an application for writ of habeas corpus in the federal district court for the Southern District of Illinois. On March 16, 1992, the district court dismissed McCoy's application without prejudice, because McCoy had not only failed to use proper habeas forms, but he had also failed to exhaust available state court remedies. Respondent's Motion to Dismiss, Exhibit R, U.S. District Court Order, Case No. 92-157-WDS (So. Dist. Ill).

On August 25, 1992, McCoy filed another recovery application, which was, again, denied. Some time later, McCoy, again, filed a recovery application. On January 5, 1994, a hearing was held on this petition, with McCoy and Dr. Carich testifying in court. At the hearing, McCoy denied ever having a "problem of a sexual nature towards children," and also denied the charges for which he was civilly committed under the Act. Vol. II, Report of Proceedings, Recovery Hearing, Adams County, Illinois, Case No. 87-CF-102 (1/5/94 Report of Proceedings), pp. 10, 18-20.

Dr. Carich testified that he and psychiatrist S.D. Parwatikar, as well as clinical services supervisor John Zielinski, had evaluated McCoy and reported to the Court on his status. At that time, McCoy was refusing to

5

participate in group counseling, which is designed to orient sex offenders toward treatment and dealing with issues on which they needed to work, with an ultimate goal of management of their behavior. Dr. Carich indicated that the first step is for the offender to admit he has a problem. He stated that Dr. Parwatikar had diagnosed McCoy as suffering from paraphilia, not otherwise specified, indicating he had a wide range of victims and problems with sexual behavior. The doctor also diagnosed him as suffering from alcoholism and organic personality disorder. His personality disorder included features of antisocial narcissism, schizoidal and borderline behaviors. Since McCoy did not admit he had a problem and was resistant to attending group sessions, Dr. Carich concluded that McCoy had made no progress and would be a high risk to harm others in society if he were released. Id., pp. 23-29.

Based on Dr. Carich's testimony, the case file, as well as McCoy's own testimony, the trial court found that McCoy's condition had not changed, and it denied McCoy's recovery application. The trial court stated as follows:

> THE COURT: First of all, pursuant to applicable statute and case law the burden is on the Defendant to prove by a preponderance that he has sufficiently recovered so as to grant

the relief that he has prayed for.  The Court may do that either by releasing him completely or giving him a conditional release to allow aftercare on an out-patient basis.

In this instance there is absolutely no basis to conclude that the Defendant's petition has been proven by a preponderance of the evidence.  In fact, the overwhelming evidence is quite to the contrary.  It would be virtually impossible for the Court to consider that he has recovered when he hasn't even been to a point yet when he can acknowledge that he has a problem from which he should recover.

The clear implication from the record in this case is that this Defendant is a serious danger to children, both male and female, as well as perhaps other persons who might be upon the streets and be coming in contact with this Defendant were he free.  He is remaining a serious sexually dangerous person and a danger to the community wherever he might find himself.  So, the petition is denied and the Defendant will be remanded to the guardianship of the Director of Corrections indefinitely pending regular reporting and evaluation to determine any recovery.

1/5/94 Report of Proceedings, pp. 35-36.  McCoy subsequently appealed the trial court's January 5, 1994, judgment.  After reviewing the record of the case, which included a confidential psychological report by Dr. Carich dated October 7, 1993, as well as McCoy's own testimony at the recovery hearing, the appellate court found as follows:  McCoy's "diagnosis is that of 'paraphilia, NOS' with emphasis on pedophilia.  He has not cooperated with institutional programs and treatments and has failed to achieve progress in

any of the 15 elements of recovery.   His testimony indicates improper activities with other inmates." <u>Respondent's Motion to Dismiss</u>, Exhibit K, <u>The Appellate Court of Illinois' Summary Order</u>.   The Illinois Appellate Court issued a Rule 23 order, affirming the trial court's judgment, on June 20, 1995.   On September 14, 1995, McCoy filed a handwritten petition for leave to appeal (PLA) with the Illinois Supreme Court.   On November 13, 1995, the Illinois Supreme Court denied McCoy's PLA.   On June 24, 1996, McCoy filed a petition for state post-conviction relief, which Respondent argues is not a relief available to individuals committed under the Act because the Act is a non-criminal statue.[4]  The petition was denied on July 8, 1996.   <u>Respondent's Motion to Dismiss</u>, Exhibit A, <u>Record Sheet,</u> p. 14.

McCoy filed another recovery application and applied for a recovery hearing on October 2, 1996.   In response, the State moved for summary judgment, which was granted on February 13, 1997.   On May 21, 1998, the trial court held another recovery hearing and subsequently denied McCoy's recovery application.   McCoy then filed a petition for writ of habeas corpus in federal court.   "The petition included claims that a state court judge

---

[4]State post-conviction relief is not available to persons who are civilly committed because "[t]hese types of state court judgments neither constitute nor require criminal convictions." <u>Duncan v. Walker,</u> 121 S.Ct. 2120, 2126 (2001).

subjected him to double jeopardy, that he was held in violation of the Tenth and Eleventh Amendments, and included a 42 U.S.C. § 1983 claim against the state court judge.  The petition also alleged ineffective assistance of counsel because he was tried without a jury and that the Act was unconstitutional." Respondent's Motion to Dismiss, p. 7.  A federal district court summarily dismissed McCoy's petition without prejudice, noting that the petition was not only "incomprehensible," but "illegible" in many instances.  Respondent's Motion to Dismiss, Exhibit T, U.S. District Court Order, Case No. 98-013-PER (So. Dist. Ill).

On July 15, 2002, a jury trial was held in Adams County to determine whether McCoy remained a sexually dangerous person.  Dr. Carich testified as an expert witness in this trial.  He indicated that fifteen criteria are used to evaluate an offender's progress, and a report is prepared by a team of professionals, including a psychiatrist (Dr. Jatala), a psychologist (Dr. Carich) and a sociologist (Mrs. Spilman, M.S.W.) in this instance.  The criteria included motivation, commitment (to recover and hurt no one else), personal responsibility, social interest (empathy and remorse for victims), development of appropriate social relationships, insight into his offending cycle, intervention skills, life-style behaviors, insight into

one's developmental factors, self-structure (self-worth and self-esteem), sexual identity issues, disowning past behaviors, and control of deviant arousal and behaviors.

Dr. Carich testified that McCoy had not done much to demonstrate motivation to recover or commitment.  He had had thirty program violations in the past, a number of instances when he failed to attend group sessions, and then he signed out of the program indicating he wanted to do his own thing.  He was free to re-enter the group sessions if he chose to do so.  McCoy had admitted to offending against 20 or more other victims than had been documented, but he never demonstrated any empathy for them.  Carich indicated there were allegations by officers, staff and offenders in the institution that McCoy had tried to engage in sexual behavior with some of the slower functioning individuals in the institution.  He also had problems with his sexual identity.  At times McCoy had said he wanted to get body parts from females and put them in his body.  Carich testified that McCoy had the diagnosis on axis I of the Diagnostic and Statistical Manual of Mental Disorders (Rev. 4th ed. 2000) (DSM-4 Manual) of Paraphilia NOS with features of pedophilia, with child manifestations and adult rape and mental disorder NOS due to alcoholism.  On axis II the diagnosis was

10

Personality Disorder NOS with features of being antisocial, narcissistic and borderline personality.  Carich indicated the evaluators had used the Minnesota Screening Tool Revised to gauge the risk assessment of McCoy re-offending and concluded it was quite high.  He concluded that his opinion and that of the treatment staff was that McCoy was still sexually dangerous. Vol. VI, Report of Proceedings of the July 15, 2002, Trial, pp. 55-57, 62, 64-78.

The jury found that McCoy remained a sexually dangerous person.  McCoy filed a notice of appeal.  On May 27, 2003, the state appellate court dismissed his appeal.  Respondent's Motion to Dismiss, Exhibit M.  On October 14, 2003, McCoy, again, filed a state post-conviction relief, which, as noted earlier, is not a relief available to civilly committed persons.  On December 9, 2003, the trial court denied this review, stating that the petition for post-conviction relief was improperly filed.  Respondent's Motion to Dismiss, Exhibit A, Docket Sheet, p. 19.  On December 30, 2004, McCoy filed a notice of appeal of the trial court's order.  McCoy's appointed counsel has not yet filed an appellate brief, and the appeal remains open as indicated by the appellate court's docket.

On February 4, 2005, McCoy filed a petition for state habeas corpus

relief.  On March 9, 2005, the state trial court entered an order denying McCoy's petition for state habeas corpus relief.  McCoy filed a notice of appeal on March 25, 2005.  McCoy's appointed counsel has not yet filed an appellate brief, and the appeal remains open as indicated by the appellate court's docket.  McCoy filed the instant Petition on August 23, 2005, in which he appears to challenge the legality of his 1988 civil commitment pursuant to the Act.

## ANALYSIS

This Petition appears to attack McCoy's 1988 civil commitment as a sexually dangerous person to the custody of the Director of DOC, pursuant to the Act.  McCoy claims that his 1988 civil commitment under the Act was unlawful because Dr. Carich falsely testified in court.  The Court can find no evidence in the record indicating that Dr. Carich testified in court during the 1988 state court proceeding; rather, McCoy at that time admitted the allegations in the Petition to declare him a sexually dangerous person and waived his right to trial by jury.  Vol. VI, Report of Proceedings January 5, 1988, pp. 42-44.  The trial court found overwhelming evidence of his sexual dangerousness from the Statement of Facts and psychiatrists' reports, submitted by Doctors Gibson and Bohlen.  Id., pp C-93 through C-

12

97.  <u>See also</u>: <u>Respondent's Motion to Dismiss</u>, Exhibit E, (<u>Report of Proceedings January 8, 1988</u>, pp 44-51).  Therefore, the Court construes McCoy's Petition as attacking the 1994 recovery hearing in which Dr. Carich specifically testified in court.  Because McCoy is a <u>pro se</u> Petitioner, the Court liberally construes McCoy's Petition as also attacking the 2002 jury trial in which Dr. Carich testified.

As an initial matter, Respondent asserts that the Court should dismiss McCoy's Petition with prejudice because it is untimely.  The Antiterrorism and Effective Death Penalty Act (AEDPA) provides that the one-year statute of limitation runs from the latest of four alternative dates:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Absent certain exceptions that are inapplicable to this case, a petition for habeas relief must be filed within one year from the date on which the judgment of conviction becomes final or the expiration of the time for seeking such review.  Id.  "[R]egardless of whether or not a petitioner chooses to avail himself or herself of that opportunity [to seek direct review of a state criminal conviction by the United States Supreme Court], . . . the ninety day period during which a petition for certiorari may be filed by a state prisoner falls within the meaning of section 2244(d)(1)(A) for purposes of calculating when the statute of limitations begins to run."  Anderson v. Litscher, 281 F.3d 672, 674-75 (7th Cir. 2002).  Furthermore, in cases where the petitioner's state court conviction became final prior to the AEDPA's enactment on April 24, 1996, a petitioner is given a one-year grace period to file his habeas petition.  Balsewics v. Kingston, 425 F.3d 1029, 1032 (7th Cir. 2005).  "[S]ection 2244(d)(2) [further] tolls the one-year statute of limitations for 'the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'"  Williams v. Sims, 390 F.3d 958, 960 (7th Cir. 2004).

The Court finds that McCoy's Petition with respect to the 1988 civil

commitment judgment is untimely.  After McCoy was civilly committed following a finding that he was a sexually dangerous person, pursuant to the Act, on January 8, 1988, he did not appeal this judgment.  McCoy's commitment, therefore, became final on January 8, 1988.  Because the 1988 judgment became final before the AEDPA's effective date of April 24, 1996, McCoy could have timely filed a federal habeas petition at any time until April 24, 1997.  He, however, failed to do so.

McCoy filed a petition for state post-conviction relief on June 24, 1996.  It was denied on July 8, 1996.  Accordingly, Petitioner's one-year statute of limitations could have been tolled under § 2244(d)(2).  However, the tolling provision only applies in cases where there is a "properly filed" application.  "An application is 'properly filed' when 'its delivery and acceptance are in compliance with the applicable laws and rules governing filings.'" Johnson v. McCaughtry, 265 F.3d 559, 564 (7th Cir. 2001)(citing Artuz v. Bennett, 531 U.S. 4, 8 (2000)).  In order to determine whether a petition is properly filed, the Court must look at how the state courts treat it.  Id.  "If a state court accepts and entertains the petition on its merits, it has been 'properly filed,' but if the state court rejects it as procedurally irregular, it has not been 'properly filed.'" Id.  (citing Fernandez v. Sternes,

227 F.3d 977, 978 (7th Cir. 2000)).  In this instance, McCoy's state post-conviction relief was improperly filed because the relief he sought was not available to civilly committed persons.  Moreover, the trial court neither accepted the petition nor entertained the petition on its merits.  McCoy's Petition is, therefore, time-barred with respect to the 1988 civil commitment.

Turning to an examination of the 1994 recovery hearing in which Dr. Carich testified, the Court finds that McCoy's Petition is similarly untimely.  On January 5, 1994, the state trial court denied McCoy's application for recovery.  On June 20, 1995, the Illinois Appellate Court issued a Rule 23 order affirming the trial court's judgment.  On September 14, 1995, McCoy filed a PLA with the Illinois Supreme Court.  The Illinois Supreme Court denied the PLA on November 13, 1995.  The judgment, thus, became final on February 11, 1996, which includes the ninety-day period during which McCoy could have applied for certiorari.  Because the above judgment became final before the enactment of AEDPA, McCoy could have timely filed a federal habeas petition at any time until April 24, 1997.  He did not.  Therefore, McCoy's habeas Petition is untimely with respect to the 1994 recovery hearing.

The Court further construes McCoy's Petition as attacking the judgment of commitment following the 2002 jury trial, which was held to determine whether McCoy remained a sexually dangerous person under the Act.  A jury found that McCoy remained a sexually dangerous person.  McCoy filed a notice of appeal with the state appellate court.  On May 27, 2003, the appellate court dismissed his appeal after appointed counsel withdrew, and McCoy failed to file a pro se appellant's brief.  On October 14, 2003, McCoy filed another petition for state post-conviction relief, which was denied on December 9, 2003, for being improperly filed.  McCoy filed a notice of appeal on December 30, 2004.  McCoy has not yet filed an appellate brief, and the appellate court's docket indicates that the appeal is still pending.  The tolling provision in § 2244(d)(2) does not apply to the October 14, 2003, state post-conviction relief because it was improperly filed within the meaning of § 2244(d)(2).  Similarly, the provision does not apply to the pending appeal because it was improperly filed.  Indeed, McCoy has not yet filed an appellate brief as required under Illinois' Supreme Court Rules 341, 342, and 343.[5]  Accordingly, neither the filing

---

[5]The Illinois Appellate Court previously dismissed McCoy's appeal on May 27, 2003, for failure to file an appellate brief.

of the state post-conviction relief nor the pending appeal tolled the statute of limitations.  McCoy's Petition with respect to the 2002 jury trial is untimely because the statute of limitation expired in 2004.

In the alternative, Respondent argues that, even if McCoy's Petition is timely, the Court should dismiss his Petition because he has failed to exhaust available state remedies and to present to the state courts the constitutional claim on which he currently seeks habeas relief.  Before seeking a writ of habeas corpus in federal court, a petitioner must first exhaust the remedies available to him in state court.   28 U.S.C. § 2254(b)(1)(A).  He must also demonstrate that he fully and fairly presented all of his federal claims to the state court before seeking federal habeas relief. Harris v. McAdory, 334 F.3d 665, 668 (7th Cir. 2003).  This means that "a petitioner must give the state court a meaningful opportunity to consider the substance of the claims later presented in federal courts."  Id.; see also Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004).  Failure to do so constitutes a procedural default which precludes a federal court from granting any relief on that specific claim or claims, "unless the petitioner demonstrates cause for the default and actual prejudice as a result of the failure, or demonstrates that the failure to consider the claims will result in

18

a fundamental miscarriage of justice."  Harris, 334 F.3d at 668 (citing Dellinger v. Bowen, 301 F.3d 758, 764 (7th Cir. 2002)).

In construing the Petition as attacking McCoy's 1988 civil commitment, the Court finds that McCoy has neither exhausted his state remedies nor presented to the state courts the constitutional claim on which he currently seeks habeas relief.  After the trial court found McCoy to be a sexually dangerous person pursuant to the Act, McCoy did not appeal this judgment.  He, thus, failed to exhaust his state remedies.  He also procedurally defaulted the instant claim because he never presented such a claim to the state courts.

The Court further construes McCoy's Petition as challenging the state trial court's January 5, 1994, judgment in which the court denied McCoy's recovery application.  In this instance, McCoy exhausted his state remedies.  McCoy appealed the trial court's judgment, but the appellate court affirmed the trial court's judgment.  McCoy then filed a PLA with the Illinois Supreme Court, which was denied on November 13, 1995.  McCoy, however, procedurally defaulted the instant claim that Dr. Carich falsely testified in court.  He could have raised such a claim in his appeal, but he never presented the claim to any of the state courts.

The Court has reviewed the transcript of the proceedings of the January 5,1994, recovery hearing. The Court cannot find any evidence that Dr. Carich falsely testified at this hearing regarding McCoy's condition. Dr. Carich testified that McCoy was at that time refusing treatment for his mental illness (but would be given further treatment if he chose to rejoin the treatment program) and was denying the commission of the sexual offenses for which he was civilly committed (and which he had previously admitted). Dr. Carich testified that, based on McCoy's behavior, McCoy remained a sexually dangerous person. McCoy has further failed to demonstrate cause and prejudice for the procedural default. He has likewise failed to demonstrate that the failure to consider these claims will result in a fundamental miscarriage of justice.

McCoy's Petition could be construed as attacking the 2002 jury trial in which a jury found that McCoy remained a sexually dangerous person, after hearing testimony from Dr. Carich. At this trial, Dr. Carich testified that McCoy remained a sexually dangerous person. Dr. Carich testified that he reached this conclusion after conducting an evaluation of McCoy's recovery status with Mrs. Spilman and Dr. Jatala, using 15 recovery criteria that they had designed and used over the years to evaluate recovery. After

reviewing the record, the Court can find no evidence that Dr. Carich falsely testified.

McCoy filed a notice of appeal, but the state appellate court dismissed his appeal.  McCoy then filed another petition for state post-conviction relief on October 14, 2003, which was denied on December 9, 2003.  On December 30, 2004, McCoy filed a notice of appeal.  The appellate court's docket shows that the appeal is still pending, and McCoy has not yet filed an appellate brief.  In this instance, McCoy clearly failed to exhaust his state court remedies, and thus, is barred from seeking federal habeas relief.

Respondent argues that McCoy filed two previous § 2254 habeas petitions in the United States District Court for the Southern District of Illinois, in 1992 and 1998.  Respondent states that "[t]he federal courts summarily dismissed these similarly incomprehensible petitions and warned petitioner to exhaust his constitutional claims before filing another federal habeas petition."  Respondent's Motion to Dismiss, p. 15.  Respondent further argues that this Court should now dismiss the instant Petition with prejudice because McCoy has still failed to exhaust his state remedies.

In 1992, a federal court dismissed McCoy's habeas petition without

prejudice because (1) he prepared his federal habeas petition on forms for use in state court; and (2) he failed to exhaust his state remedies. Respondent's Motion to Dismiss, Exhibit R, U.S. District Court Order, Case No. 92-157-WDS (So. Dist. Ill).   In 1998, a federal court similarly dismissed McCoy's second federal habeas petition without prejudice because (1) most of his claims were patently frivolous; and (2) his petition was illegible and incomprehensible in many instance.   Id., Exhibit T, U.S. District Court Order, Case No. 98-013-PER (So. Dist. Ill).  Because both of these habeas petitions were dismissed without prejudice, and thus, not decided on the merits, the instant Petition is not a successive habeas petition, which would require pre-certification from the Seventh Circuit in order to be filed.  See Pavlosky v. VanNatta, 431 F.3d 1063, 2005 WL 3454103 (7th Cir. 2005).

In this case, because of McCoy's pro se status, the Court has broadly construed McCoy's Petition in the alternative as challenging the 1988 civil commitment, the January 5, 1994, recovery hearing, and the July 15, 2002, jury trial.  Since McCoy's challenges to the above proceedings are all untimely, the Court finds that the instant Petition should be dismissed with prejudice.  See id. at 1064.  ("The dismissal of a suit as untimely is a

dismissal on the merits, and so should ordinarily be made with prejudice, barring relitigation.").

THEREFORE, it is clear from the record that McCoy is not entitled to habeas relief.  Respondent's Motion to Dismiss (d/e 11) is ALLOWED, and McCoy's Habeas Petition pursuant to 28 U.S.C. § 2254 (d/e 4) is DISMISSED with prejudice as to all claims arising from the July 2002 commitment and any earlier commitments because the Petition is untimely. All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   March 30, 2006.

FOR THE COURT:

_____ s/  Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE